# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHERYL CLEMENZ, ADMINISTRATOR OF THE ESTATE OF WARREN R. CLEMENZ,** | **Case No. 1:12 CV 3004** |
| **Plaintiff,** | **Judge Dan Aaron Polster** |
| **v.** | |
| | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

Defendant United States has filed a motion to dismiss this case, which was brought under the Federal Tort Claims Act, on the theory that Plaintiff Cheryl Clemenz's claims were extinguished by Ohio's statute of repose, O.R.C. § 2305.113(C). In light of a recent Ohio Supreme Court opinion and an even more recent Sixth Circuit opinion, the Court holds that the statute of repose does not bar Plaintiff's claims. Accordingly, the motion will be denied.

I.

On March 2, 2008, Warren Clemenz died while under the medical care of the Department of Veterans Affairs (VA). Less than two years later, on February 22, 2010, Plaintiff, the administrator of Mr. Clemenz's estate, filed an administrative claim with the VA, as she is required to do before filing a lawsuit. *See* 28 U.S.C. § 2675. The claim was denied on April 22, 2011, at which point Plaintiff asked for a reconsideration. The request for reconsideration was ultimately denied on June 8, 2012. Plaintiff filed this lawsuit on December 7, 2012, more than

five years after Mr. Clemenz had passed away.

In her administrative claim and in this lawsuit, Plaintiff alleges that Mr. Clemenz's death was the result of medical malpractice—specifically, that he was prescribed medications in doses and combinations that were unsafe. She sues under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

II.

The Federal Tort Claims Act (FTCA) is a limited waiver of the federal government's sovereign immunity, *United State v. Orleans*, 425 U.S. 807, 813 (1976), and it permits suits against the government to the same extent that state law would impose liability on a private individual in similar circumstances. *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1984) (citing 28 U.S.C. § 2674). Accordingly, the government's liability is determined by the substantive laws of the state in which the alleged tort occurred. *Huddleston v. United States*, 485 Fed. Appx. 744, 745 (6th Cir. 2012) (citing *Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988)). A statute of repose is one such law. *Id.* Indeed, it is on the basis of Ohio's statute of repose that Defendant stakes its motion to dismiss.

That statute bars a medical-malpractice claim that is "commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim." O.R.C. § 2305.113(C). Since Plaintiff filed her claim more than four years after the alleged medical negligence occurred, Defendant argues, the statute of repose forbids this lawsuit. The Court might feel compelled to side with Defendant were it not for a recent Ohio Supreme Court decision.

In *Ruther v. Kaiser*, 983 N.E.2d 291, 296 (Ohio 2012), the Ohio Supreme Court put a

significant gloss on the statute. It ruled that the statute does not apply to claims that have "vested" within the four years immediately following the alleged tort: "[Section] 2305.113(C) does not bar a vested cause of action, but prevents a cause of action from vesting more than four years after the breach of the duty of care." *Id.* at 296. When does a claim "vest"? A medical-malpractice claim vests "when a patient discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury." *Id.* at 295. The upshot is that when a plaintiff discovers her injury less than four years after the medical malpractice occurred the statute of repose drops out and, as a consequence, does not bar the claim.[1]

In this case, Plaintiff's claim accrued at the earliest on March 2, 2008, the date of Mr. Clemenz's death, and at the latest on February 22, 2010, when Plaintiff filed the administrative claim with the VA. Since Plaintiff's claim accrued—and hence vested—within four years, the statute of repose is inapplicable and does not stand as a bar to Plaintiff's claim.

Last month, the Sixth Circuit reached the same conclusion on virtually the same facts. In that case, the plaintiff filed a medical-malpractice claim with the VA less than two years after the date of his injury but filed his lawsuit three months after the four-year statute of repose had expired. *Kennedy v. U.S. Veterans Admin.*, 2013 WL 1693965 at *1 (6th Cir. Apr. 19, 2013). The Sixth Circuit, applying the Ohio Supreme Court decision in *Ruther*, held that the plaintiff's claim was not barred because he had discovered his injury within four years of the alleged malpractice—that is, his claim had "vested" within the four-year repose period. *Id.* at *4. The

---

[1] When the statute of repose drops out, the applicable statute of limitations kicks in. *See Ruther*, 983 N.E.2d at 295. An FTCA claim is governed by the FTCA's statute of limitations, which requires a plaintiff to present her claim to the appropriate administrative agency within two years after the claim accrues and then to file the lawsuit within six months after the agency sends a notice of final denial of the claim. 28 U.S.C. § 2401(b). Defendant does not dispute Plaintiff complied with these deadlines.

conclusion in *Kennedy*, as in this case, flows from the Ohio Supreme Court's decision in *Ruthers*.

### III.

Accordingly, the Court **DENIES** Defendant's motion to dismiss (Doc. # 5).

**IT IS SO ORDERED.**

                         */s/Dan Aaron Polster 5/29/13*
                         **Dan Aaron Polster**
                         **United States District Judge**